LOREN M. LAMBERT, No. 5101
DAVID S. HEAD, No. 13237
ARROW LEGAL SOLUTIONS GROUP, PC
Attorney for Plaintiff
266 East 7200 South
Midvale, Utah 84047
Telephone: (801) 568-0041

_____

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION
_____

| | |
|---|---|
| CAROLYN O'HEARON, an individual, fka CAROLYN HANSEN,<br><br>    Plaintiff,<br><br>vs.<br><br>FARMERS INSURANCE GROUP,<br><br>    Defendant. | AMENDED COMPLAINT AND JURY DEMAND<br><br>Case No.2:13-cv-00295RJS<br><br>Judge: Shelby |

_____

The Plaintiff complains and alleges, as follows:

1.  On September 5, 2008, the home belonging to Carolyn O'Hearon, fka Carolyn Hansen, located at 722 W. 700 N., Price, Utah, caught fire.

2.  A "surge protector" power bar cord had been the source of the fire.

3.  Although the fire department came quite quickly and put out the fire, extensive damage occurred in nearly the entire upper living space of the home, which included the living room, kitchen, two bedrooms, and the bathroom.

4.  The Defendant, Farmers Insurance Group (Farmers), was contacted by the Plaintiff, who had a home policy with the Defendant, and by Rick O'Hearon. David Hunt was the Farmer's Representative in charge of the claim. Farmers Insurance Group is

a corporation that has as its headquarters, Los Angeles, California. The Plaintiff is a resident of Utah. The amount in controversy exceeds $75,000. This claim is brought in federal court based upon diversity of citizenship.

5. Farmers sent a restoration company, Master Clean, to the home to access and clean up the fire damage, as well as to present a bid for the needed repairs and reconstruction to the property.

6. Rick O'Hearon (Carolyn's husband, but, at the time of the incident, her boyfriend) had experience in the construction field and wanted to assist with the repair work.

7. Rick worked directly with Kerry Jensen of Master Clean with respect to the repairs that needed to be done.

8. The assessment of the home found damage to the furnishings, sheet rock, walls, wiring, light fixtures, linoleum, kitchen cabinets, and radiant heat system.

9. Kerry Jensen concluded that the wiring in the ceiling from the radiant heat system needed to be torn out. Mr. Jensen also explained to Rick and Carolyn that they probably would not want to put the system back in.

10. Rick indicated it was an expensive system to put in, and they would speak to David Hunt about replacing it.

11. Mr. Hunt concluded that Farmers would allow about $800 a room for the system, but would not cover labor costs for installation.

12. Rick obtained a bid from an electrical contractor about installing the heat system, which was that it would cost upwards of $7,000 per room.

13. Rick informed Mr. Hunt that an electrical contractor stated it would cost upwards of $7,000 per room to install the heating system. Mr. Hunt told Rick that the only way Farmers would pay anymore would be for Rick to put the system back in himself.

14. Mr. Hunt would not agree to any installation involving the radiant heat system. However, he agreed to at least put in a new gas furnace and central air conditioning system.

15. The Plaintiff contends that not only was there a breach of contract dealing with the coverage that should have been provided for the radiant heat system, but invoices prepared by Rick were not honored by Mr. Hunt or Farmers with respect to the replacement of the insulation, wiring, lighting, sheetrock, painting, flooring, carpet, linoleum, or kitchen cabinets.

16. The cabinets covered by the Defendant were of a lower quality, so the Plaintiff was forced to use clothing allowances and personal belonging reimbursement money to upgrade cabinets back to the quality previously found in the home.

17. Overall, the Plaintiff contends that damages total $45,200 for expenses that Defendant should have paid for under the insurance policy. This includes the estimate that the replacement of the radiant heat system would cost $7,000 per room multiplied by

the 6 rooms that the system was removed from, totaling $42,000. Additionally, the Defendant denied $5,000 in invoices from the Plaintiff for repairs to the insulation, wiring, lighting, sheetrock, painting, flooring, carpet, linoleum, or kitchen cabinets. Because the Defendant did allow $300 per room in repairs, $1,800, that amount has been subtracted from the total damages being requested, reaching the total of $45,200.

### First Cause of Action – Breach of Contract

18. Defendant, under their insurance policy with plaintiff had an obligation to pay for restoring the home into the condition as it existed prior to the fire. It did not do so and breached its contract with Plaintiff. As a result of this breach, Plaintiff has suffered damages in the amount of $45,200.

### Second Cause of Action – Bad Faith

19. Defendant, under their insurance policy with Plaintiff has an obligation to act in good faith with Plaintiff. Despite this, it purposely ignored Plaintiff and did not properly evaluate a claim and pay the damages thereon in order to take economic advantage of the Plaintiff. Defendant's actions were malicious and in bad faith. Defendant should pay Plaintiff's attorneys fees, costs and punitive damages in the amount of $35,000.

**Therefore, Carolyn O'Hearon requests that a jury be called and that a verdict be rendered for:**

1. Judgment against the Defendant for breach of contract damages totaling

$45,200;

2. Pre-judgment and post-judgment interest be paid along with attorney's fees and costs;

3. Punitive damages in an amount of $35,000;

4. Any other relief deemed fair and equitable.

DATED this 20 day of May, 2013.

                                          ARROW LEGAL SOLUTIONS GROUP, PC

                                          /s/
                                          David S. Head
                                          Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2013, I sent a copy of the foregoing document by first class mail, postage prepaid, to the following:

Farmers Insurance Group
c/o Corporation Service Company
2180 South 1300 East, Ste. 650
Salt Lake City, UT 84106

                                          /s/
                                          Kenya Cramer